UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. CORDERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WATTS REGULATOR CO., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01656-CSK<br><br>ORDER<br><br>(ECF No. 7) |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

On June 30, 2026, the Court conducted a status (initial pretrial scheduling) conference in this matter.[1] At the scheduling conference, attorney Sean Hardy appeared on behalf of Plaintiff Daniel E. Cordero, and attorney Ndubisi A. Ezeolu appeared on behalf of Defendant Watts Regulator Co. After considering the parties' joint status report

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF No. 5.)

1

(ECF No. 7), and the scheduling conference held, the Court issues the following order.

## I.      NATURE OF THE CASE

The following summary of the case comes from the parties' joint status report: "This is a wage-and-hour lawsuit brought by Plaintiff Daniel Cordero, individually and on behalf of all others similarly situated, against his former employer Watts Regulator Co. Plaintiff asserts individual, class, and representative PAGA claims for alleged violations of the California Labor Code, including failure to pay all hours worked (including minimum, straight time, and overtime wages), failure to provide compliant meal and rest periods, failure to furnish accurate itemized wage statements, failure to timely pay final wages upon separation, failure to reimburse necessary business expenses, and unfair business practices under Business and Professions Code sections 17200 et seq. Plaintiff also seeks civil penalties under the Private Attorneys General Act (Labor Code §§ 2698 et seq.)." (ECF No. 7 at 1.)

## II.     DEFER SETTING FULL CASE SCHEDULE

Defendant requested "that the Court defer setting a full case schedule pending resolution of Defendant's anticipated motion to enforce the parties' settlement agreement and to dismiss Plaintiff's claims." (ECF No. 7 at 3.) Plaintiff did not object to Defendant's request in the joint status report. Accordingly, based on the district court's "wide discretion in controlling discovery," *Huynh v. Allstate Northbrook Indem. Co.*, 2024 WL 2883228, at *2 (E.D. Cal. May 24, 2024), a full case schedule setting discovery is deferred pending the Court's ruling on Defendant's forthcoming motion to enforce the parties' settlement agreement and dismiss Plaintiff's claims.

## III.    MOTION SCHEDULE

Defendant's motion to enforce the parties' settlement agreement and to dismiss must be filed by **August 1, 2026**. Plaintiff's opposition must be filed by **August 22, 2026**. Defendant's reply must be filed by **September 7, 2026**. Defendant's motion shall be heard on **September 22, 2026** at 10:00 a.m., in Courtroom 25. In addition to following the procedures of Local Rule 230 for civil motions, the parties are also required to follow

2

Judge Kim's Civil Standing Orders.[2]

At the June 30, 2026 scheduling conference, the Court and parties discussed whether discovery would be needed for Defendant's motion to enforce the parties' settlement agreement and to dismiss. Defendant has already provided to Plaintiff's counsel certain documents and information. The parties have indicated that they will endeavor to request and exchange documents and information needed for the motion without propounding formal discovery requests. If the parties are not able to reach an informal agreement as to exchanging information for the motion and Plaintiff believes formal discovery is needed to oppose the motion, Plaintiff must promptly inform the Court so that a new briefing and hearing schedule can be set.

**IV.    NEXT STEPS**

If the case proceeds past Defendant's motion to enforce the parties' settlement agreement and to dismiss, the parties will be required to submit an Updated Joint Scheduling Report, and a further scheduling conference will be held where the full case schedule will be set. In any Updated Joint Scheduling Report, in addition to addressing the topics previously outlined, the parties also need to address the following issues:

(i)    whether discovery should be bifurcated between class discovery and merits discovery;

(ii)    an update as to whether the parties have agreed to an ESI protocol (*see* ECF No. 7 at 7). If the parties have not reached an agreement, the parties must provide a date by which the ESI protocol will be worked out; and

(iii)    a proposed briefing and hearing schedule for class certification.

Dated:  July 1, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, cord.1656.26

---

[2] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

3